1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EUGENE HILL,                              No.  2:16-cv-1087 CKD P

12              Petitioner,

13        v.                                   ORDER &

14   ERIC ARNOLD,                              FINDINGS AND RECOMMENDATIONS

15              Respondent.

16

17

18        Petitioner is a state prisoner proceeding pro se with this action pursuant to 28 U.S.C. §

19   2254.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).  Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, petitioner may proceed with this action in forma pauperis.

22        Petitioner is serving a life sentence pursuant to a 1990 conviction.  (ECF No. 1 at 1.)  He

23   challenges his 2014 transfer to a state medical facility after being classified "high risk medical."

24   (Id. at 5-7.)  Petitioner states in the petition that his federal claims are "not about [the] judgment

25   of conviction."  (Id. at 1, 6.)  In November 2015, the Imperial County Superior Court denied his

26   ////

27   ////

28

1

1  Petition for writ of habeas corpus in which he argued that the transfer violated his due process

2  rights.[1]  (Id. at 30-31.)

3          A habeas corpus petition is the correct method for a prisoner to challenge the legality or

4  duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v.

5  Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976

6  Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for

7  a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136,

8  (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas

9  Rule 1, 1976 Adoption.   Here, as petitioner's claims do not relate to the duration of his

10  confinement, they are not properly brought within this federal habeas action.

11          Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for

12  summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

13  any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the

14  foregoing reasons, and because it does not appear that the petition can be cured by amendment,

15  the petition should be summarily dismissed pursuant to Rule 4.[2]

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.  Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted; and

18          2.  The Clerk of Court is directed to assign a district judge to this action.

19          IT IS HEREBY RECOMMENDED that the petition be summarily dismissed pursuant to

20  Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

21  ////

---

22  [1] A prisoner has no constitutional right to incarceration in a particular institution or housing unit
23  or to be transferred from one facility to another.  Meachum v. Fano, 427 U.S. 215, 224-228
    (1976); see also Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty
24  interests are sufficiently extinguished by his conviction so that the state may change his place of
    confinement even though the degree of confinement may be different and prison life may be more
25  disagreeable in one institution than in another.").

26  [2] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section
27  1983.  Petitioner is advised that the statutory filing fee for such an action is $400.00.  28 U.S.C.
    §§ 1914(a), 1915(b)(1).  A section 1983 inmate plaintiff proceeding in forma pauperis is
28  obligated to pay this fee in monthly installments from his or her prison trust account.

1   These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3   after being served with these findings and recommendations, petitioner may file written

4   objections with the court.  Such a document should be captioned "Objections to Magistrate

5   Judge's Findings and Recommendations."  In his objections petitioner may address whether a

6   certificate of appealability should issue in the event he files an appeal of the judgment in this

7   case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or

8   deny a certificate of appealability when it enters a final order adverse to the applicant).

9   Petitioner is advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  Dated:  May 25, 2016

12  _____
    CAROLYN K. DELANEY
13  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18  2 / hill1087.R4_fr

19

20

21

22

23

24

25

26

27

28

3